IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID JONES
ADC #94099                                                                                        PLAINTIFF

v.                             Case No. 5:16-cv-00222 KGB-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction, *et al*.                                       DEFENDANTS

# ORDER

The Court has received multiple Proposed Findings and Recommendations ("Recommendations") from United States Magistrate Judge Joe J. Volpe (Dkt. Nos. 4, 30, 48, 52, 88).[1] Plaintiff David Jones has filed objections to all of the Recommendations, some timely and some untimely. The Court will consider all of his objections, regardless of when filed (Dkt. Nos. 22, 38, 56, 89).

After careful review of the Recommendations and the objections thereto, as well as a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Jones's objections. In his objection to the first Recommendation (Dkt. No. 4), Mr. Jones states that the amendment to his complaint remedied the issues discussed in the Recommendation (Dkt No. 22). However, upon review of these amendments, this Court finds that there is still insufficient information plead to establish that defendants Reed, Naylor, Andrews, Bolden, Williams, Eason, Madden, and Evans violated Mr. Jones's constitutional rights. Further, Mr. Jones's amendments do not alter the analysis applicable

---

[1] The Court notes that Dkt. No. 52 was an amended and substituted Recommendation for Dkt. No. 48; thus, the Court will only consider Dkt. No. 52, not Dkt. No. 48. The Court declines to adopt as moot Dkt. No. 48.

to defendants Powell, Watson, and Kelley.  The Court adopts the first Recommendation (Dkt. No. 4).

As to the second Recommendation (Dkt. No. 30), Mr. Jones's objections do not relate to the reason that Judge Volpe recommended dismissal of defendant Bankston pursuant the Federal Rule of Civil Procedure 4(m).  After careful review of the record regarding this issue, the Court adopts the second Recommendation (Dkt. No. 30).

In Mr. Jones's objections to the third Recommendation (Dkt. No. 52), he argues that his response to the motion for summary judgment filed by defendants was timely (Dkt. No. 56).  This argument is immaterial because, regardless of whether it was timely or untimely, Judge Volpe considered Mr. Jones's response in reaching his determination in the Amended and Substituted Recommendation (Dkt. No. 52).  Mr. Jones also argues that he exhausted his administrative remedies before filing this lawsuit.  Mr. Jones reasserts argument that was made to and evaluated by Judge Volpe when Judge Volpe considered Mr. Jones's response in opposition to the motion for summary judgment (Dkt. No. 49).  The Court adopts the third Recommendation (Dkt. No. 52).

At issue in the last Recommendation is the motion for summary judgment filed by the remaining two defendants, Taylor and Mingo (Dkt. No. 88).  Mr. Jones's objections do not relate to the basis on which defendants Taylor and Mingo move for summary judgment—qualified immunity (Dkt. No. 79).  Mr. Jones cites new case law that was not included in his response pertaining to exhaustion of remedies, but Judge Volpe is not recommending that Mr. Jones's claims against defendants Taylor and Mingo be dismissed on the basis of exhaustion.  The Court adopts the last Recommendation (Dkt. No. 88).

It is therefore ordered that Mr. Jones's claims in this matter are dismissed as against all defendants. The Court adopts all the Recommendations submitted by Judge Volpe (Dkt. Nos. 4, 30, 52, and 88).

So ordered this 25th day of August, 2017.

_____
Kristine G. Baker
United States District Judge