IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID JONES                                                                              PLAINTIFF
ADC # 94099

v.                              Case No. 5:16-cv-00222 KGB

WENDY KELLEY, *et al.*                                                          DEFENDANTS

## ORDER

Pending before the Court are six separate motions filed by plaintiff David Jones:  motion

to appoint counsel (Dkt. No. 127); petition for writ of habeas corpus ad testificandum (Dkt. No.

129); motion for evidentiary hearing (Dkt. No. 130); motion to file petition and petition to reinstate

defendants (Dkt. No. 131); motion to amend complaint (Dkt. No. 132); motion for settlement (Dkt.

No. 133); motion for copies (Dkt. No. 134); and motion for status of the remand and motion for

the state to unseal the record (Dkt. No. 135).  The Court will discuss each of these motions in turn.

I.      Background

Mr. Jones initiated this action by filing suit pursuant to 42 U.S.C. § 1983 on July 18, 2016

(Dkt. No. 2).  Mr. Jones amended his complaint soon thereafter (Dkt. No. 5).  In this complaint,

Mr. Jones alleged that his constitutional rights had been violated by a variety of prison officials

(*Id.*, ¶¶ 15-27, 39-133).  On August 25, 2017, the Court issued an Order adopting four separate

Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J.

Volpe (Dkt. Nos. 4, 30, 52, 88, 90).  In that Order and attendant Judgment, the Court dismissed

Mr. Jones' claims in this matter as against all defendants (Dkt. Nos. 90, 91).

Mr. Jones appealed this decision to the Eighth Circuit Court of Appeals (Dkt. No. 93).  The

Eighth Circuit affirmed, in part, and reversed, in part, this Court's Order (Dkt. Nos. 103, 104, 105).

The only claim that the Eighth Circuit reversed and remanded was Mr. Jones' retaliatory discipline

claim against defendant Mingo (Dkt. No. 103, at 2).  The Eighth Circuit found that there were factual issues related to that claim that require further proceedings (*Id.*).  Specifically, the Eighth Circuit noted that a relevant disciplinary report in this case "was based on the statement of a confidential informant rather than personal knowledge of the reporting officer" (*Id.*).  The Eighth Circuit directed this Court to "conduct an *in camera* review of the confidential statement to determine whether it is sufficient to constitute 'some evidence' to support the disciplinary decision" (*Id.*).  The Eighth Circuit also noted that Mr. Jones presented evidence that, if believed, could support a finding that Mingo acted because of Mr. Jones' protected activity, and the Court has that evidence before it (*Id.*).

In accordance with the Eighth Circuit's opinion, the Court directed defendants to either file a motion for a hearing on this issue or to file the pertinent confidential statements under seal for the Court's review (Dkt. No. 123, at 2).  Defendants complied with the Court's order and filed the pertinent confidential statements under seal (Dkt. No. 125).  The Court has reviewed those documents.

## II.     Motion To Appoint Counsel

Mr. Jones requests for the third time that the Court appoint him counsel, and the Court has reviewed Mr. Jones's declaration attending his motion to appoint counsel (Dkt. Nos. 127, 128).  A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action, but the Court may appoint counsel at its discretion.  28 U.S.C. § 1915(e)(1).  The factors to consider in deciding whether to appoint counsel in a civil case are whether:  (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel.

*Slaughter v. Maplewood,* 731 F.2d 587, 590 (8th Cir. 1984).  Moreover, courts evaluate factors such as "the complexity of the case, the ability of the indigent litigant to investigate facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . .  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

The Court does not find that the nature of litigation at this stage is such that Mr. Jones and the court would benefit from the assistance of counsel given the limited scope of the Eighth Circuit's reversal and remand (Dkt. No. 103).  For this reason, at this time, the Court denies without prejudice Mr. Jones's motion to appoint counsel (Dkt. No. 127).

### III.    Petition For Writ Of Habeas Corpus Ad Testificandum

Ms. Jones makes a second petition for writ of habeas corpus ad testificandum (Dkt. No. 129).  Mr. Jones asks the Court to require the appearance and testimony of five individuals, all of whom appear to be inmates in the Arkansas Department of Correction:  Mark/Marcus Field; Frank Askew; David Lee Lewis; A.D. Lamar; and M. Anderson (*Id.*, at 1).  Mr. Jones wishes to record these five individuals' testimony for future purposes (*Id.*).  Mr. Jones claims that these individuals can testify to defendant Mingo's retaliatory campaign against him (*Id.*, at 2-3).

The Court considers such testimony unnecessary at this stage of the litigation and denies this petition without prejudice accordingly (Dkt. No. 129).

### IV.    Motion For Evidentiary Hearing

Mr. Jones moves for an evidentiary hearing (Dkt. No. 130).  In his motion, Mr. Jones admits that he has no constitutional or statutory right to an evidentiary hearing, but he states that it would

be in the best interest of justice if the Court heard oral arguments from the parties and provided

him the opportunity to present evidence (*Id.*, ¶ 3).  Given the Eighth Circuit's instruction, the Court

finds an evidentiary hearing unnecessary at this stage of the litigation.  As a result, the Court denies

without prejudice Mr. Jones' motion for an evidentiary hearing (Dkt. No. 130).

**V.     Motion To File Petition And Petition To Reinstate Defendants**

Pursuant to Federal Rule of Civil Procedure 60(b), Mr. Jones moves to file petition and

petitions to reinstate defendants Taylor, Hawkins, Powell, and Banister (Dkt. No. 131).  "Rule

60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under

a limited set of circumstances including fraud, mistake, and newly discovered evidence."

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).   Rule 60(b) "provides for extraordinary relief

which may be granted only upon an adequate showing of exceptional circumstances."  *U.S. v.

Young*, 806 F.2d 805, 806 (8th Cir. 1986).  "Motions under Rule 60(b) are within the discretion of

the district court . . . ."  *Baxter Intern., Inc. v. Morris*, 11 F.3d 90, 92 (8th Cir. 1993).

Rule 60(b) relieves a party from a judgment or order on one of six specified grounds:

mistake, inadvertence, surprise, or excusable neglect; newly-discovered evidence that with

reasonable diligence could not have been discovered in time for a Rule 59(b) motion; fraud,

misrepresentation, or misconduct by an opposing party; the judgment or order is void; the

judgment or order has been satisfied, released, or discharged; the judgment or order is based on an

earlier judgment or order that has been reversed or vacated; or applying the judgment or order

prospectively is no longer equitable; and any other reason that justifies relief.  Fed. R. Civ. P.

60(b). Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate

showing of exceptional circumstances. *Schwieger v. Farm Bureau Ins. Co. of NE*, 207 F.3d 480,

4

487 (8th Cir. 2000).  Rule 60(b) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

The Court dismissed separate defendants Taylor, Hawkins, Powell, and Banister—along with all other remaining defendants—in its August 25, 2017, Order and accompanying Judgment (Dkt. Nos. 90, 91).  That is the same Order and Judgment that Mr. Jones appealed to the Eighth Circuit and which the Eighth Circuit affirmed in part, reversed in part, and remanded for further proceedings on narrow grounds related solely to separate defendant Mingo (Dkt. Nos. 93, 98, 103, 104, 105).  Mr. Jones makes no such showing of exceptional circumstances meriting the kind of extraordinary relief he seeks here under Rule 60(b).  Accordingly, the Court denies Mr. Jones's motion to file petition and petition to reinstate defendants (Dkt. No. 131).

## VI.   Motion To Amend Complaint

Mr. Jones moves to amend his complaint (Dkt. No. 132).  Mr. Jones requests that he be allowed to amend his complaint to indicate that he is suing all defendants in both their official and individual capacities (*Id.*, at 1-2).

Federal Rule of Civil Procedure 15 governs amendment of pleadings in the following manner:

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.*  In all other cases, a party may amend its pleading only with the opposing party's written consent or

the court's leave. The court should freely give leave when justice so
requires.

Fed. R. Civ. P. 15(a)(1)-(2). While there is no absolute or automatic right to amend, under the
liberal amendment policy of Rule 15(a), "denial of leave to amend pleadings is appropriate only
in those limited circumstances in which undue delay, bad faith on the part of the moving party,
futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated."
*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371
U.S. 178, 182 (1962); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)).

Mr. Jones initiated this action by filing a complaint on July 18, 2016, and he amended that
complaint shortly thereafter on July 29, 2016 (Dkt. Nos. 1, 5). Mr. Jones has made no amendments
to his complaint since that time. Mr. Jones offers no explanation as to why he has not moved to
amend his complaint in the requested manner in the nearly four years between filing his first
amended complaint and filing the instant motion to amend. Given the undue and excessive delay,
the Court denies Mr. Jones's motion to amend complaint (Dkt. No. 132).

### VII.   Motion For Settlement

Mr. Jones moves for settlement (Dkt. No. 133). The Court construes Mr. Jones's motion
for settlement as a motion for settlement conference to be conducted by United States Magistrate
Judge Joe J. Volpe, who is assigned as the Magistrate Judge on this case. It is the Court's general
practice to refer cases for settlement conferences before Magistrate Judges only if all parties are in
agreement to do so. The Court has received no indication that defendants are in agreement for a
settlement conference before Judge Volpe. Accordingly, the Court denies without prejudice Mr.
Jones's motion for settlement at this time (Dkt. No. 133). If defendants are in agreement with Mr.
Jones's request for settlement conference, defendants may file a motion renewing this request.

### VIII.   Motion For Copies

6

Mr. Jones requests a copy of the docket in this case (Dkt. No. 134).  For good cause shown, the Court grants the motion (*Id.*).  The Court directs the Clerk of the Court to send to Mr. Jones a copy of the docket in this case.

### IX.   Motion For Status Of The Remand And Motion For The State To Unseal The Record

Finally, Mr. Jones moves for a status update and for the state to unseal the record it submitted to the Court under seal (Dkt. No. 135).  To the extent Mr. Jones moves for a status update, the Court grants the motion and considers the instant Order to provide a status update regarding Mr. Jones's case and his various motions (*Id.*).  To the extent Mr. Jones moves to unseal the document defendants filed under seal regarding the pertinent confidential statements in this case, the Court denies Mr. Jones's motion (*Id.*).  In accordance with the Eighth Circuit's instruction, the Court has conduct an *in camera* review of the under seal confidential statement to determine whether it is sufficient to constitute "some evidence" to support the disciplinary decision against Mr. Jones, and the Court concludes that the confidential statement is sufficient to constitute "some evidence" to support the disciplinary decision against Mr. Jones.  The legal authorities upon which Mr. Jones relies are inapposite to the facts of this case, and Mr. Jones does not provide adequate grounds for the unsealing of the confidential statement.

### X.   Conclusion

It is therefore ordered that:

1.     The Court denies without prejudice Mr. Jones's motion to appoint counsel (Dkt. No. 127);

2.     The Court denies without prejudice Mr. Jones's petition for writ of habeas corpus ad testificandum (Dkt. No. 129);

3.      The Court denies without prejudice Mr. Jones's motion for evidentiary hearing (Dkt. No. 130);

4.      The Court denies Mr. Jones's motion to file petition and petition to reinstate defendants (Dkt. No. 131);

5.      The Court denies Mr. Jones's motion to amend complaint (Dkt. No. 132);

6.      The Court denies without prejudice Mr. Jones's motion for settlement (Dkt. No. 133);

7.      The Court grants Mr. Jones's motion for copies and directs the Clerk of the Court to send him a copy of the docket in this matter (Dkt. No. 134);

8.      The Court grants, in part, Mr. Jones's motion for a status update and for the state to unseal the record it submitted to the Court under seal, to the extent Mr. Jones moves for a status update (Dkt. No. 135); and

9.      The Court denies, in part, Mr. Jones's motion for a status update and for the state to unseal the record it submitted to the Court under seal, to the extent Mr. Jones moves to unseal the document defendants filed under seal regarding the pertinent confidential statements in this case (*Id.*).

So ordered this the 29th day of September, 2020.

Kristine G. Baker
United States District Judge