IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DAVID JONES**                                                                                                        **PLAINTIFF**
**ADC # 94099**

v.                             **Case No. 5:16-cv-00222 KGB**

**WENDY KELLEY,** *et al.*                                                          **DEFENDANTS**

## ORDER

Plaintiff David Jones initiated this action by filing suit pursuant to 42 U.S.C. § 1983 on July 18, 2016 (Dkt. No. 2). Mr. Jones amended his complaint soon thereafter (Dkt. No. 5). In this complaint, Mr. Jones alleged that his constitutional rights had been violated by a variety of prison officials (*Id.*, ¶¶ 15-27, 39-133). On August 25, 2017, the Court issued an Order adopting four separate Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. Nos. 4, 30, 52, 88, 90). In that Order and attendant Judgment, the Court dismissed Mr. Jones' claims in this matter as against all defendants (Dkt. Nos. 90, 91).

Mr. Jones appealed this decision to the Eighth Circuit Court of Appeals (Dkt. No. 93). The Eighth Circuit affirmed, in part, and reversed, in part, this Court's Order (Dkt. Nos. 103, 104, 105). The only claim that the Eighth Circuit reversed and remanded was Mr. Jones' retaliatory discipline claim against defendant Sergeant Mingo (Dkt. No. 103, at 2). The Eighth Circuit found that there were factual issues related to that claim that require further proceedings (*Id.*). Specifically, the Eighth Circuit noted that a relevant disciplinary report in this case "was based on the statement of a confidential informant rather than personal knowledge of the reporting officer" (*Id.*). The Eighth Circuit directed this Court to "conduct an *in camera* review of the confidential statement to determine whether it is sufficient to constitute 'some evidence' to support the disciplinary decision" (*Id.*). The Eighth Circuit also noted that Mr. Jones presented evidence that, if believed,

could support a finding that Sergeant Mingo acted because of Mr. Jones' protected activity, and the Court has that evidence before it (*Id.*).

In accordance with the Eighth Circuit's opinion, the Court directed defendants either to file a motion for a hearing on this issue or to file the pertinent confidential statements under seal for the Court's review (Dkt. No. 123, at 2).  Defendants complied with the Court's Order and filed the pertinent confidential statements under seal (Dkt. No. 125).

In accordance with the Eighth Circuit's instruction, the Court has conduct an *in camera* review of the under seal confidential statement to determine whether it is sufficient to constitute "some evidence" to support the disciplinary decision against Mr. Jones, and the Court concludes that the confidential statement is sufficient to constitute "some evidence" to support the disciplinary decision against Mr. Jones.  The disciplinary action which Mr. Jones claims was a retaliatory action by Sergeant Mingo because of his engagement in protected activity was imposed for an actual violation of a prison rule.  *See Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008).

It is therefore ordered that Mr. Jones' retaliatory discipline claim against Sergeant Mingo is denied (Dkt. No. 5, at 9).  Mr. Jones's amended complaint is dismissed with prejudice (Dkt. No. 5).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this Order and accompanying Judgment would not be taken in good faith.

So ordered this the 26st day of October, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge